IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOSHUA MOUBARAK,<br>DeKalb Cty. No. 19013157,<br>    Plaintiff,<br><br>v.<br><br>DR. MENDOZA,<br>    Defendant. | PRISONER CASE TYPE<br>42 U.S.C. § 1983<br><br><br>CIVIL ACTION NO.<br>1:21-cv-1580-JPB-JKL |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Plaintiff Joshua Moubarak, an inmate at the DeKalb County Jail in Decatur, Georgia, is proceeding on his 42 U.S.C. § 1983 individual capacity medical deliberate claim against Defendant "Dr. Mendoza." (*See* Doc. 6 at 4-5; doc. 9 at 1-2.) The matter is before the Court on Defendant's motion to dismiss the amended complaint. (Doc. 22.) For the reasons stated below, **IT IS RECOMMENDED** that (1) Defendant's motion to dismiss the amended complaint be **GRANTED IN PART** to the extent that Defendant moves to dismiss the amended complaint for lack of service of process, and **DENIED IN PART** to the extent that Defendant moves to dismiss the amended complaint for failure to state a claim, and (2) that this action be **DISMISSED WITHOUT PREJUDICE** for lack of service of process pursuant to Fed. R. Civ. P. 4(e) and 12(b)(5).

## I. PROCEDURAL HISTORY

As background, Plaintiff filed an amended § 1983 complaint against Dr. Mendoza and DeKalb County Sheriff Melody Maddox. (Doc. 6 at 1, 3.) In his amended complaint, Plaintiff alleged that he submitted grievances to Dr. Mendoza requesting that he be provided with Depakote 100mg for his bipolar disorder but did not receive his medication for 18 months. (*Id.* at 4.) Plaintiff stated that the lack of medication caused him to suffer suicidal thoughts, interpersonal difficulties, mood swings, and headaches. (*Id.*) Plaintiff further stated that he was placed on suicide watch multiple times and engaged in self harm, but that Dr. Mendoza still did not provide him with medication. (*Id.* at 4-5.) Plaintiff alleged that he was placed back in general population where he had difficulties interacting with other inmates and got into fights as a result of his untreated bipolar disorder. (*Id.*) Plaintiff states that Dr. Mendoza "would come see [him]," plaintiff would report his symptoms, and Dr. Mendoza "would know that [Plaintiff] was mentally sick and [. . .] need[ed] [his] mental health medication," but still did not provide him with Depakote. (*Id.* at 5.) Plaintiff asserted that Sheriff Maddox "allowed this to go on at the jail[.]" (*Id.* at 5-6.)

The Court screened Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A and allowed Plaintiff's individual capacity medical deliberate indifference claim against Dr. Mendoza to proceed. (Doc. 9 at 1-2.) However, the Court dismissed Plaintiff's claim against Sheriff Maddox for failure to state a claim. (*See id.*)

On March 24, 2022, this Court entered an Order directing service of process on Dr. Mendoza. (Doc. 10.) Plaintiff timely returned USM-285 forms and summonses for Dr. Mendoza on April 11, 2022. (Doc. 11.) The Clerk of Court attempted to mail a waiver of service form to Dr. Mendoza on April 12, 2022, but erroneously mailed the form to Plaintiff. (*See* Doc. 13.) The Clerk of Court re-mailed a waiver of service form to Dr. Mendoza on May 9, 2022. (Doc. 14.) When no response was received, the Clerk of Court forwarded a service package to the U.S. Marshal on September 15, 2022. (Docs. 17, 18.) On October 4, 2022, the U.S. Marshal submitted an executed return of service for Dr. Mendoza. (Doc. 21.) The return of service form indicated that service was attempted on Dr. Mendoza at 1:00 PM on September 23, 2022, at the DeKalb County Jail. (*See id.* at 1.) The form further provided that the U.S. Marshal "left [documents] with Officer V. Sims from DeKalb County Sheriff's Office" and described the "individual served" as

"V. Sims (officer)." (*Id.* at 1-2.) Defendant now moves to dismiss the amended complaint pursuant to Federal Rules of Civil Procedure 4, 12(b)(5), and 12(b)(6). (Doc. 22.) Plaintiff has not filed a response to Defendant's motion to dismiss.

## II. DEFENDANT'S MOTION TO DISMISS

Defendant moves to dismiss the amended complaint based on Plaintiff's failure to effect service and for failure to state a claim. (Doc. 22 at 1.) Specifically, Defendant asserts that Plaintiff failed to properly serve him consistent with Fed. R. Civ. P. 4(e). (Doc. 22-1 at 5-6.) Defendant contends that the record shows that personal service was attempted on Defendant not at his place of abode, but at his place of business, where documents were left with Officer V. Sims. (*Id.* at 7.) Defendant further asserts that the sole record evidence is that (1) Officer Sims was not an agent authorized to accept service on behalf of Defendant, and (2) Defendant was never personally served with the summons and amended complaint. (*Id.* at 7-9). Attached to the motion is an affidavit in which Dr. Mendoza personally avers that (1) he was not physically present at the DeKalb County Jail from August 23, 2022, through October 7, 2022; (2) he was not personally served with the summons and complaint in this matter, and (3) he did not give anyone permission to accept service of the summons and complaint on his behalf. (Doc. 22-2 at 1.)

4

Defendant also argues that the amended complaint is due to be dismissed for failure to state a claim. Defendant states that Plaintiff has not alleged that Defendant had subjective knowledge of a serious risk of harm, that Defendant disregarded any such known risk, or that Defendant generally possessed the requisite state of mind. (Doc. 22-1 at 12-13.) Defendant also emphasizes that Plaintiff's allegations that he was placed on suicide watch multiple times and that Dr. Mendoza personally visited him reveal that Plaintiff's complaint actually reflects a disagreement about the method of treatment, which is not actionable under the Eighth Amendment. (*Id.* at 13-14.)

Plaintiff has not responded to the motion to dismiss.

Under the Federal Rules of Civil Procedure, a plaintiff may serve process on an individual by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling o r usual place of abode with someone of suitable age and discretion who resides there; or

> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). A party who has not been properly served may raise a defense of insufficient process or insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(4) or 12(b)(5). *Binns v. City of Marietta Housing Auth.*, No. 1:07-CV-0070-RWS, 2007 WL 2746695, at *2 (N.D. Ga. Sept. 18, 2007). "An objection to service of process 'must be specific and must point out in what manner the plaintiff has failed to satisfy the requirements of the service provision utilized.'" *Id.* at *2 (*quoting Photolab Corp. v. Simplex Specialty Co.*, 806 F.2d 807, 810 (8th Cir. 1986)). "'The party challenging the sufficiency of the service bears the burden of showing it was improper.'" *Moore v. McCalla Raymer, LLC*, 916 F. Supp. 2d 1332, 1339 (N.D. Ga. 2013) (*quoting Ritts v. Dealers Alliance Credit Corp.*, 989 F. Supp. 1475, 1478 (N.D. Ga. 1997)). However, the plaintiff ultimately "bears the burden of establishing proof of service of process[.]" *Id.* at 1340 (*quoting Adventure Outdoors, Inc. v. Bloomberg*, 519 F. Supp. 2d 1258, 1270 (N.D. Ga. 2007), *rev'd on other grounds,* 552 F.3d 1290 (11th Cir. 2008)) (internal quotation marks omitted). The court may make any factual findings necessary to resolve a motion to dismiss for insufficiency of service of process "so long as the factual

disputes do not decide the merits and the parties have sufficient opportunity to develop a record." *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008).

Here, Defendant has carried his burden of showing that service of process was improper. *See Moore*, 916 F. Supp. 2d at 1339. Indeed, the uncontroverted record evidence is that the summons and complaint were left with Officer V. Sims at Defendant's place of business, that Defendant was never personally served with the summons and complaint, and that Officer Sims was not an agent authorized to receive service of process on behalf of Defendant. (*See* Docs. 21; 22-2). This manner of service does not comply with Georgia law or with any manner of service provided by Fed. R. Civ. P 4(e). *See* O.C.G.A. § 9-11-4(e)(7); *see also Melton v. Wiley*, 262 F. App'x 921, 923 (11th Cir. 2008) (noting that Georgia law "prescribes rules for service on an individual in much the same manner as Fed. R. Civ. P. 4(e)(2)" and that neither provides "for leaving a copy at the individual's usual place of business or with the individual's employer"); *Reeves v. Wilbanks*, 542 F. App'x 742, 747 (11th Cir. 2013) (explaining that service of process "must be made on an actual agent" and not on "merely an apparent agent" or "secretary"). Consequently, the ultimate burden now rests with Plaintiff to prove service of process, and Plaintiff has not done so. *See Moore*, 916 F. Supp. 2d at 1340. As a result, the

Court lacks personal jurisdiction over Defendant, and **IT IS RECOMMENDED** that Defendant's motion to dismiss be **GRANTED** to the extent that Defendant moves to dismiss the amended complaint for lack of service of process.

To the extent that Defendant additionally moves to dismiss the amended complaint under Rule 12(b)(6) for failure to state a claim, Plaintiff's failure to properly serve Defendant is a jurisdictional defect that precludes this Court from considering the merits of Plaintiff's claims. *See, e.g.*, *Madara v. Hall*, 916 F.2d 1510, 1513-14 & n.1 (11th Cir. 1990) (stating that a court must consider the Rule 12(b)(5) motion to determine whether the court has personal jurisdiction over defendants before proceeding to consider the merits of any cause of action); *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1360 (11th Cir. 2008) ("'Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served.'") (*quoting Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990)); *Innomed Tech., Inc. v. Worldwide Med. Tech., Inc.*, 267 F. Supp. 2d 1171, 1173 (M.D. Fla. 2003) ("A court without personal jurisdiction is powerless to take further action."). Accordingly, **IT IS RECOMMENDED** that Defendant's motion

to dismiss be **DENIED** to the extent that Defendant moves to dismiss the merits of the amended complaint under Rule 12(b)(6) for failure to state a claim.

### III. CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that Defendant's motion to dismiss the amended complaint [22] be **GRANTED IN PART** to the extent that Defendant moves to dismiss the amended complaint for lack of service of process, and **DENIED IN PART** to the extent that Defendant moves to dismiss the amended complaint for failure to state a claim, and (2) that this action be **DISMISSED WITHOUT PREJUDICE** for lack of service of process pursuant to Fed. R. Civ. P. 4(e) and 12(b)(5).

To the extent that this Report and Recommendation provides the relief sought, Defendant's motion to stay discovery pending disposition of the motion to dismiss [23] is **GRANTED**.

The Clerk of Court is **DIRECTED** to terminate the referral to the undersigned United States Magistrate Judge.

**SO ORDERED AND RECOMMENDED**, this 6th day of December, 2022.

_____
JOHN K. LARKINS III
United States Magistrate Judge